CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 24 2010
JOHN F. CORCORAN, CLERK
BY: /s/ Tina Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHARLES A. VINCENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:09cv016 |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | By: Michael F. Urbanski |
| Commissioner of Social Security, ) | United States Magistrate Judge |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Charles A. Vincent ("Vincent") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits under the Social Security Act (the "Act"). Vincent seeks an award of disability benefits based on impairments related to his back pain, depression/anxiety, and chronic obstructive pulmonary disease with a disability onset date of March 1, 2006. In this appeal, Vincent claims that the Commissioner improperly evaluated his medical records and complaints of back pain. Vincent also argues that the Commissioner erred by not awarding benefits based on new evidence submitted to the Appeals Council. Review of the administrative record confirms that the Commissioner appropriately considered all of Vincent's impairments, and the decision not to award benefits is supported by substantial evidence. As such, it is **RECOMMENDED** that the Commissioner's decision be affirmed.

I

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of

the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v.

2

Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"),[1] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

II

On the date of the Administrative Law Judge's ("ALJ") decision, Vincent was 41 years old. Vincent attended school through the 10th grade and obtained a General Equivalency Diploma in 1983. (Administrative Record, hereinafter "R." 184.) Vincent's work history consists of manual labor jobs, including as a car mechanic, tire changer, recapper and roofer. (R. 47.) Vincent's back pain stems from an work related injury in 2001, and he last worked in 2006. (R. 22.) His application for benefits was rejected by the Commissioner initially and again upon reconsideration. An administrative hearing was convened before an ALJ on November 16, 2007. (R. 18.) In determining whether Vincent was disabled under the Act, the ALJ found that his back (degenerative disc disease) disorder, depression/anxiety and chronic obstructive pulmonary disease were severe impairments which caused significant functional limitations in his ability to perform basic work activities. (R. 11.) Nevertheless, the ALJ concluded that these

---

[1] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. § 404.1529(a).

3

impairments were not totally disabling, and that Vincent retained the RFC to perform unskilled sedentary work with a sit/stand option throughout the day and other limitations. (R. 13.) The ALJ found that Vincent could not return to his past relevant work, but concluded at step five that there were a significant number of jobs in the national economy that a person with Vincent's impairments could perform, and thus he was not disabled. (R. 15-16.)

Vincent sought review by the Appeals Council, which denied his request for review on January 30, 2009. This appeal was filed in federal court on March 2, 2009. Vincent filed a motion for summary judgment on September 16, 2009, and the Commissioner countered with his own summary judgment motion on October 8, 2009. Oral argument on the hearing was held on January 12, 2010.

### III

Vincent argues on appeal that the ALJ improperly evaluated his medical records and discounted his complaints of pain. In addition, Vincent claims that certain additional medical records submitted to the Appeals Council necessitate a remand.

The crux of Vincent's disability claim focuses on his back pain and degenerative disc disease. Vincent argues that an MRI of the lumbar spine taken on May 31, 2007 corroborates his complaints of pain, and that medical records from June 11, 2007 and September 10, 2007 contain objective findings explaining his symptoms and supporting his testimony regarding his functional limitations. The Commissioner argues that the bulk of the medical and vocational evidence in the record supports the ALJ's RFC determination.

Vincent began seeing Dr. Murray Joiner for chronic low back pain in early 2004. An MRI taken in February, 2004 noted significant degenerative changes throughout Vincent's lumbar spine with mild neural foraminal encroachment in the low back. (R. 207-08.) A nerve conduction study also done at that time showed right L5-S1 radiculitis. (R. 210.) Vincent did

4

not return to Dr. Joiner for slightly over a year, complaining on February 23, 2005 of increased low back pain of two weeks duration. (R. 196-98.) Vincent noted that he had not been treated since February, 2004, with the exception of two emergency room visits. A month later, Dr. Joiner's impression was of "[o]bjectively resolving lumbar spasms and pain." (R. 194.) Dr. Joiner deemed Vincent's L5-S1 facet-mediated pain to be mild, noted that his lumbar radiculitis had resolved and termed his degenerative disc disease to be of doubtful clinical significance. (R. 194.) Dr. Joiner recommended that Vincent become more active and opined that "[h]e should be returned to the workplace ASAP in some capacity." (R. 194.) Vincent reported back spasms after a fall in November, 2005, (R. 191-92), and increased back pain in February and March, 2006. Vincent was excused from work from February 20-24, 2006. (R. 190.) Dr. Joiner did not otherwise render any disability opinion.

Vincent filed his disability application on March 13, 2006, and was examined by a state agency physician, Dr. William Humphries, on May 18, 2006. Dr. Humphries' examination revealed a slightly reduced range of motion in his back and moderate tenderness of the muscles in the lower thoracic and lumbar region. Dr. Humphries noted no radicular aspect to Vincent's back pain. Vincent's straight leg raise test was negative to about 80 degrees sitting bilaterally. Dr. Humphries found chronic mild COPD, mild to moderate degenerative joint disease ("DJD") in both hands, mild DJD in both feet, chronic lumbar strain, with possible DJD, and chronic cervical strain. Vincent did not complain of anxiety or depression, and no mental impairments were noted. Dr. Humphries concluded that Vincent could perform medium work, sitting, standing and walking up to six hours and lifting 50 pounds occasionally and 25 pounds frequently. (R. 219.)

More than a year after his last visit to Dr. Joiner, Vincent saw Dr. Tabassum Subuhi for the first time on April 25, 2007, principally seeking a disability evaluation. (R. 240.) Dr. Subuhi

5

arranged for an MRI which was performed on May 31, 2007. The MRI revealed "mild degenerative disc disease of the lumbar spine," (R. 250), "without nerve root compromise." (R. 237.) Dr Subuhi referred Vincent to Dr. John C. Fraser, a neurosurgeon, for evaluation. On examination, Dr. Fraser noted "[s]traight-leg raise was mildly positive lying down and might be similarly so sitting. There is no catch or complaint; it is only if asked that he says it hurts." (R. 237-38.) Dr. Fraser found Vincent to have no surgically correctable diagnosis.

Vincent was seen by Dr. Kristina Manion in July 2007, after which Vincent called her office to have a disability form completed. Dr. Manion replied that she believed that Vincent could work. (R. 261.)

There are no disability opinions in the administrative record suggesting that Vincent is disabled from all forms of substantial gainful activity. During the course of the administrative process, two state agency physicians reviewed his medical records and determined that he retained the RFC to work. On June 8, 2006, Dr. Richard Surrusco determined that Vincent could occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds and could stand and/or walk about six hours and could sit for the same amount of time. (R. 222.) Dr. Surrusco noted that Vincent needed to avoid concentrated exposure to fumes, odors, dust and gases, but identified no other functional limitations. (R. 224.) Dr. Frank M. Johnson reached the same conclusions on reconsideration on March 8, 2007. (R. 229-36.)

It is clear from this record that Vincent has not met his burden of establishing that he is disabled. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). There is no medical opinion in the record suggesting that Vincent is disabled, and the opinions of both state agency physicians are consistent with those of Dr. Humphries and Dr. Manion that Vincent could perform some work. Vincent argues on appeal that there is no support for the finding by Dr. Humphries and the state agency physicians that Vincent could perform work at the medium

level. However, in the hypothetical question posed to the VE at Step Five, the ALJ did not employ the medium, or even light work, standard. Rather, the ALJ asked the VE to assume "that this individual is at a sedentary exertional level but that he does need a sit/stand in place for brief stretch breaks throughout the day." (R. 48.) Therefore, Vincent's argument is of no moment.

Vincent also argues that the ALJ did not properly credit his testimony at the administrative hearing regarding his back pain and that there are objective findings in the medical record which explain his symptoms and corroborate his testimony regarding his functional limitations. In particular, Vincent relies upon the May 31, 2007 MRI, but that test revealed only "mild degenerative disc disease of the lumbar spine," (R. 250), "without nerve root compromise." (R. 237.) The neurosurgeon who noted mildly positive straight-leg raising also noted no catch or complaint and a normal sensory exam. (R. 237-38.) The neurosurgeon ascertained no surgically correctable diagnosis, and offered further work up with flexion-extension x-rays and myelography, which Vincent declined. (R. 238.) Two of Vincent's other treating physicians, Drs. Joiner and Manion, felt he could work. (R. 194, 261.)

In light of conflicting evidence contained in the record, it is the duty of the ALJ to fact-find and to resolve any inconsistencies between a claimant's alleged symptoms and his ability to work. See Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Accordingly, the ALJ is not required to accept Vincent's subjective allegation that he is disabled by his back pain, but rather must determine, through an examination of the objective medical record, whether he has proven an underlying impairment that could reasonably be expected to produce the symptoms alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996) (stating the objective medical evidence must corroborate "not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges she suffers."). Then, the ALJ must determine whether Vincent's statements about his symptoms are credible in light of the entire record. Credibility determinations are in

the province of the ALJ, and courts normally ought not interfere with those determinations. See Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989).

After carefully reviewing the entire record, there is no reason to disturb the ALJ's credibility determination. See Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984) (finding that because the ALJ had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight). As noted above, substantial evidence supports the ALJ's conclusion that the functional limitations Vincent claims are not supported by his medical records.

Further, it is clear from the record that the ALJ considered all of the evidence and formulated an appropriate hypothetical question to the VE which fairly set out Vincent's impairments. Indeed, while the state agency doctors opined that Vincent could perform medium work, the hypothetical question posed to the VE was even more limited, including only sedentary work with a sit-stand option. The record reflects that the ALJ considered all of Vincent's impairments and posed to the VE an appropriate hypothetical question. As such, the ALJ's decision falls well within the analytical framework set out in Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

## IV

Following the ALJ's decision, Vincent's counsel submitted five additional pages of medical records to the Appeals Council. The Appeals Council must consider evidence submitted to it when it is deciding whether to grant review, "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Secretary, Dept. of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc). Evidence is new if it is not duplicative or cumulative. Id. at 96. Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id. at 96. In

this case, the Appeals Council considered the submissions of information from Vincent's counsel, but concluded that this information did not provide a basis for changing the ALJ's decision.

Review of the additional information submitted to the Appeals Council provides no suggestion that there is any reasonable possibility that its consideration by the ALJ could change the outcome. Wilkins, 953 F.2d at 96. The records concern two medical visits on December 10, 2007 and May 16, 2008. The December 10, 2007 visit was a three month recheck, at which nothing new was noted. On May 16, 2008, he saw Dr. George Wagner complaining of low back pain radiating down his right leg. (R. 291.) Dr. Wagner's note is consistent with the earlier medical records evaluated by the ALJ. As this evidence would not have changed the outcome, no remand is necessary to consider them.

V

At the end of the day, it is not the province of the court to make a disability determination. It is the court's role to determine whether the Commissioner's decision is supported by substantial evidence, and, in this case, substantial evidence supports the ALJ's decision. In recommending that the final decision of the Commissioner be affirmed, the undersigned does not suggest that Vincent is free from all back pain. Careful review of the medical records compel the conclusion that Vincent has not met his burden of establishing that he was totally disabled from all forms of substantial gainful employment. The ALJ properly considered all of the subjective and objective factors in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence.

The Clerk is directed to transmit the record in this case to Hon. Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are

entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 637(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The clerk is also directed to send a copy of this Report and Recommendation to all counsel of record.

Entered: May 24, 2010.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge