CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 03 2010

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHARLES A. VINCENT,<br><br>                          *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>*Commissioner of Social Security,*<br><br>                          *Defendant.* | CIVIL ACTION NO. 6:09-CV-00016<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the court on consideration of the parties' cross-motions for summary judgment (docket nos. 13 and 15), the Report and Recommendation ("Report") of United States Magistrate Judge Michael F. Urbanski (docket no. 19), Plaintiff's objections (docket no. 20), and the response (docket no. 21) thereto filed by the Commissioner of Social Security ("Commissioner," or "Defendant"). In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having conducted such a review, I find that the objections are without merit and that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was totally disabled from all forms of substantial gainful employment. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

## I. Factual and Procedural Background

Plaintiff was born in 1966, obtained a general equivalency diploma ("GED") in October 1983, and has worked in the past at several jobs, such as tire changer, tire recapper, and roofer. Plaintiff claimed disability since March 1, 2006, due to a back injury, pain in the low and middle back, and numbness in his right leg. After a hearing on November 16, 2007, the ALJ issued a decision on January 24, 2008, finding that Plaintiff was not disabled under the Act because he was able to work at certain unskilled, sedentary jobs existing in significant numbers in the national economy.

Plaintiff appealed the ALJ's decision to the Appeals Council. On January 30, 2009, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then filed the instant civil action, seeking judicial review of the Commissioner's final decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to Magistrate Judge Urbanski for proposed findings of fact and a recommended disposition. After the parties filed cross-motions for summary judgment, the magistrate judge issued his Report, to which the Plaintiff timely filed objections.

## II. Standard of Review

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and

consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and

recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. With one exception, Plaintiff's objections reiterate arguments already presented. Plaintiff specifically refers to the magistrate judge's Report only once, contending that,

> [o]n page 7, the Report and Recommendation only quotes one part of the MRI results of May 31, 2007 and fails to acknowledge that the MRI documents the plaintiff suffers from degenerative spondylosis of the lumber [*sic*] spine. (R. 250). The objective findings documented on the May 31, 2007 MRI corroborate the plaintiff's testimony regarding his functional limitations and inability to engage in even sedentary employment.

Degenerative disc disease is a form of osteoarthritis, the most common articular disorder, which begins asymptomatically in the second and third decades and is extremely common by age 70; almost all persons by age 40 have some pathologic change in intervertebral discs. *See Merck Manual* (Merck) 1347 (17th ed. 1999). "Degeneration of the disc in Degenerative Disc Disease is also referred to as spondylosis." *See* http://arthritis.about.com/od/spine/g/ddd.htm (accessed September 3, 2010, attached as appendix). As used in the record here, the terms

"degenerative disc disease" and "spondylosis" are interchangeable. The MRI report to which Plaintiff refers indicates an "IMPRESSION" of "DEGENERATIVE SPONDYLOSIS OF THE LUMBAR SPINE AS DESCRIBED IN THE BODY OF THE REPORT," and the body of that report describes "mild degenerative disc disease of the lumbar spine." (R. 250.) The record further indicates that the MRI revealed no evidence of "nerve root compromise." (R. 237.) Accordingly, the Report does not "fail[] to acknowledge" that the MRI of May 31, 2007, indicates "degenerative spondylosis" of the lumbar spine, given the magistrate judge's specific – and correct – observation that the MRI "revealed only 'mild degenerative disc disease of the lumbar spine.'"

Further review of the record indicates that the magistrate judge was correct in concluding that "substantial evidence supports the ALJ's conclusion that the functional limitations [Plaintiff] claims are not supported by his medical records." Plaintiff's only argument in this case is that the ALJ failed to properly evaluate his subjective complaints of pain; however, contrary to Plaintiff's contention, the ALJ complied with the governing regulations and case law in discounting Plaintiff's subjective allegations of debilitating pain because they were inconsistent with the weight of the objective medical evidence. Significantly, in addition to the weight of the medical evidence and the testimony of a vocational expert, Plaintiff's own admissions in the record support the ALJ's determination that Plaintiff can perform a significant number of unskilled, sedentary jobs existing in the national economy. Plaintiff stated that he was able to walk about a quarter of a mile before needing to stop and rest; that his condition did not adversely affect his memory, concentration, or ability to complete tasks; that he carried firewood; and that he repaired computers and ordered car parts online for friends. He reported that he had no difficulties caring for his personal needs; that he prepared simple meals each day;

that he was able to "straighten up" his home, do laundry, and wash dishes; that he went outside on a daily basis, traveled by walking, and shopped for groceries; that he was able to pay bills, count change, handle a savings account, and use a checkbook; that he listened to the radio and watched TV; that he visited with his teenage daughter on weekends; that he did not need anyone to accompany him when he went places; and that he had no problems getting along with family, friends, neighbors, or authority figures. At the administrative hearing, he testified that he surfed the Internet with his computer; ordered car parts online for friends; watched the news; listened to the stereo; made breakfast and sometimes cooked for his teenage daughter, who then lived with him; carried firewood from outside to the wood stove inside; got along well with his daughter and family; took medications for pain, which helped his symptoms; tried to walk and exercise; and socialized occasionally with friends who stopped by his home to watch football or the races and have a few beers.

My review of the record confirms the ALJ's determination that, while Plaintiff's back disorder could reasonably be expected to cause some pain, it did not meet the Act's standard of disability, and the ALJ did not err in discounting Plaintiff's allegations of totally disabling pain and finding Plaintiff's subjective complaints only partially credible. Substantial evidence supports the ALJ's finding that Plaintiff retained the ability to perform a reduced range of sedentary work and was not disabled under the Act because he could perform a significant number of unskilled, sedentary jobs existing in the national economy.

### IV. CONCLUSION

Having undertaken a *de novo* review of that portion of the Report to which a specific objection was made, I find that Plaintiff's objection is without merit. Furthermore, my review of the record indicates that the magistrate judge was correct in finding that the Commissioner's

final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was totally disabled from all forms of substantial gainful employment. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to United States Magistrate Judge Michael F. Urbanski.

Entered this 3rd day of September, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE